FILED IN CHAMB[ERS]
THOMAS W. THRAS[H]
U.S.D.C. Atla[nta]

AUG 1 2 2009

JAMES N. HATTEN, Cle[rk]
By: [signature]
          Deput[y]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TYJUAN BOLDEN, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 99033351, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-1966-TWT |
| | : | |
| GWINNETT COUNTY | : | |
| DETENTION CENTER MEDICAL | : | |
| ADMINISTRATION MEDICAL | : | |
| DOCTORS AND STAFF, | : | |
| Defendants. | : | |

## ORDER AND OPINION

TyJuan Bolden filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] and an Affidavit and Authorization for Withdrawal from Inmate Account [2].[1] Bolden's affidavit was incomplete and included a "signature" of dubious authenticity with the name of the Gwinnett County Sheriff misspelled. The Honorable Linda T. Walker ordered Bolden to pay the $350 filing fee or submit a complete affidavit with authentic signatures [3]. Bolden submitted a new affidavit [4] and is now **GRANTED** leave to proceed *in forma pauperis*.

---

[1] Bolden is incarcerated in the Gwinnett County Detention Center. In 2004, Bolden pled guilty to forgery. Bolden violated the terms of his release, and an "Order for Sentence to Resume - Resume Date: 06-11-2009 / Expiration Date: 11-24-2009" was entered. *See* http://www.gwinnettcourts.com/#casedetail/case:04%2db%2d00242%2d4/ (last visited August 7, 2009).

Bolden alleges in his complaint that he is a diabetic with liver damage and that he is not receiving appropriate medical care or an appropriate diet in jail. Bolden further alleges that he is "scared for his life and health" and that he is getting "worse everyday here" [1 at 3-4].

Bolden has sued the "Gwinnett County Detention Center Medical Administration Medical Doctors & Staff." Although there are many different ways to parse Bolden's caption and it is unclear exactly whom he intended to name as defendant(s), it is clear that Bolden has not named any individual or entity subject to suit under 42 U.S.C. § 1983. Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all. *See Jackson v. Reynolds*, No. 1:08-CV-903-TWT, 2008 U.S. Dist. LEXIS 31814, *3-4 (N.D. Ga. Apr. 16, 2008) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) and *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). *A fortiori*, a department within a jail is not a legal entity subject to suit, and the "Gwinnett County Detention Center Medical Administration Medical Doctors & Staff" is not a proper defendant in this case. *See, e.g., Sandoval v. Lift*, No. 5:07-CV-293 (CAR), 2008 U.S. Dist. LEXIS 46786, at *1 (M.D. Ga. June 17, 2008) ("unnamed medical staff members cannot be listed as defendants until such time as Plaintiff identifies them by name"); *see also Keith v. Stewart*, No. 3:05-CV-27-

JTC, 2006 U.S. Dist. LEXIS 54934, at *11 (N.D. Ga. Aug. 8, 2006) (defendants argued and plaintiff conceded that "'Sheriff Department Medical Staff' . . . is not an entity amenable to suit under Georgia law").

To proceed with this § 1983 lawsuit, Bolden needed to identify a legal entity and/or specific individuals who, as members of the Gwinnett County Detention Center medical staff, were responsible for the § 1983 violations he alleges. In the absence of any appropriately identified defendant(s), however, Bolden's complaint [1] must be **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS SO ORDERED**, this 12 day of august, 2009.

THOMAS W. THRASH JR.
UNITED STATES DISTRICT JUDGE